## Etha J. Calhoun, Appellee, v. Central Illinois Light Company, Appellant.

### Gen. No. 6,389.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Etha J. Calhoun, plaintiff, against Central Illinois Light Company, defendant, to recover damages for personal injuries received through the explosion of a hot water heater in the basement of a building in which plaintiff was janitress, which boiler defendant was endeavoring to sell to the owner of the building. From a judgment for plaintiff for eight hundred dollars, defendant appeals.

QUINN & QUINN, for appellant; FRANK J. QUINN and HAROLD R. SCHRADZKI, of counsel.

KIRK & SHURTLEFF, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. NEGLIGENCE, § 188*—*when evidence sufficient to show lack of knowledge of danger of explosion from hot water boiler by janitress.* In an action by a janitress against her employer for damages for personal injuries received through an explosion in a hot water boiler which she was operating, where it appeared that the plaintiff knew of some defect in the heater, but did not know of the danger, *held* that the jury were warranted in finding that plaintiff did not know and was not charged with knowledge of the danger from whatever defect of the heater she knew of.

2. APPEAL AND ERROR, § 1321*—*when presumed that jury found that accident occurred as claimed by plaintiff.* In an action by a janitress against the owner of a hot water heater for personal injuries received through an explosion of the heater in the building in which plaintiff was employed, where it appeared that the plaintiff had looked after the heater for some time, and knew that the pilot light had theretofore sucked out when a faucet was quickly closed, and, at the time of the accident plaintiff was waiting to turn off the gas if the light should again suck out while a party whom she had let upstairs was using the hot water, and plaintiff claimed that the explosion was caused by the negligence of the defendant in not cleaning the chimney, etc., and the defense was that the explosion was caused by plaintiff's negligent act in failing to light the pilot until after a faucet had been opened by the party whom she had let upstairs, *held* that it must be assumed that the jury found that the accident occurred as claimed by the plaintiff.

3. NEGLIGENCE, § 17*—*when duty lies upon owner to put in repair heater which he is attempting to sell to owner of building.* In an action by a janitress against her employer for personal injuries received through an explosion in a hot water heater contained in a building, where the defendant was the owner of the heater and had notice of its defective condition and defendant claimed that it was endeavoring to sell the heater to the owner of the building as a secondhand article, and that therefore the transaction was a bailment for the mutual benefit of the defendant and the owner, and there was no implied warranty that the heater was fit to use, and no duty rested on the defendant to put it in order, *held* that as the defendant was undertaking to sell the heater and as demonstrations were being made, and the defendant had notice of defects in the heater, and also knew that plaintiff would operate the heater, it was the duty of the defendant to put the same in order.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.